IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE EDWARD HARRIS,

    Plaintiff,                           No. CIV S-10-1031 JAM EFB P

    vs.

HIGH DESERT STATE PRISON, et al.,

    Defendants.             ORDER

_____/

       On October 7, 2010, the court dismissed plaintiff's complaint with leave to amend. On October 13, 2010, and on October 20, 2010, plaintiff filed amended complaints. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

       An amended complaint supercedes an earlier filed complaint. Therefore, the court has reviewed plaintiff's October 20, 2010 amended complaint and, for the limited purposes of

1

§ 1915A screening, finds that it states a cognizable due process claim against defendant Sisson. However, plaintiff's remaining claims must be dismissed for failure to state a claim.

## I.     Excessive Force Allegations

Plaintiff alleges as follows. Defendant Hull called plaintiff a liar. In response, plaintiff called Hull a liar. Plaintiff then got into a loud argument with another inmate. Hull told them to keep it down. Plaintiff and the other inmate resumed their loud argument. Hull then said "That's enough," and tapped plaintiff on his shoulder. Plaintiff told Hull not to touch him. Plaintiff took a few steps away and then turned back to face Hull. Hull then grabbed plaintiff's arm, pushed plaintiff against the wall, and said "Cuff up." Plaintiff asked, "Cuff up for what?" Hull would not provide an explanation and as a result, they "began struggling." Hull pushed plaintiff against some lockers, and then plaintiff pushed Hull off of him. The force of plaintiff's push caused Hull to fall to the floor. Hull began grabbing at plaintiff, but plaintiff pushed Hull against the wall. Plaintiff then climbed on top of Hull. Hull called for assistance. Plaintiff pressed his arm against Hull's throat and held Hull down until responding staff arrived. Upon arrival, defendant Dillard said to plaintiff, "What are you doing down there, get off of him." Dillard hit plaintiff on the back two times. When plaintiff lifted the left side of his body so that Hull could get up, either defendant Turner or Dillard hit plaintiff two times with a metal baton across the back of his legs. Dillard placed his bent knee on plaintiff's throat. Plaintiff told Dillard he could not breathe and Dillard responded, "I don't give a damn."

As plaintiff is aware, the Eighth Amendment prohibits the infliction of "cruel and unusual punishments," and the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In order to state a claim for the use of excessive force in violation of the Eighth Amendment, plaintiff must allege facts that, if proven, would establish that prison officials applied force "maliciously and sadistically to cause harm," rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Plaintiff's allegations fail to suggest that defendants applied

force maliciously and sadistically to cause harm. Rather, given plaintiff's allegations of talking back to Hull, disobeying his orders, resisting him, and physically assaulting and pinning him down, the force allegedly applied by defendants appears to have been done in a good-faith effort to maintain or restore discipline. Claims against these defendants are therefore dismissed.

## II.    Remaining Allegations

Plaintiff's remaining allegations consist of the following. As a result of the incident with Hull, plaintiff was charged with and found guilty of attempted murder of a peace officer. Apparently in connection with the proceedings leading to the determination of guilt, plaintiff claims defendant Cochoran "signed his name upon the CDCR 837" instead of letting defendant Felker sign his name. He claims further that defendant McDonald will not release plaintiff from the security housing unit, and that defendant Drieth stated in a memorandum that plaintiff "makes no allegations of staff misconduct . . . ." Plaintiff also claims that defendant Grannis told him that any further submissions from plaintiff regarding his inmate appeal would be confiscated, that he submitted a complaint for the "Government Claims Program" to defendant Tinetti.

The court finds that these allegations are so vague and conclusory that they fail to state any claim upon which relief could be granted. Accordingly, they too, must be dismissed.

To the extent plaintiff intends to bring a due process claim, the court notes, that the Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In a disciplinary proceeding where a liberty interest is at stake, due process requires that minimum procedural requirements be met, including: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5)

legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Wolff*, 418 U.S. at 564-70.

Additionally, plaintiff may not impose liability on defendants simply because they played a role in processing plaintiff's inmate appeals, as there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).

### III. Leave to Amend

Plaintiff may proceed forthwith to serve defendant Sisson and pursue his due process claim or he may delay serving Sisson and attempt to state a cognizable claim against defendants Hull, Dillard, Turner, Cochoran, Felker, McDonald, Drieth, Grannis or Tinetti.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants Hull, Dillard, Turner, Cochoran, Felker, McDonald, Drieth, Grannis or Tinetti, he has 30 days so to do. He is not obligated to amend his complaint. However, if plaintiff elects to proceed forthwith against defendant Sisson, against whom he has stated a cognizable due process claim, then within 30 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants Hull, Dillard, Turner, Cochoran, Felker, McDonald, Drieth, Grannis and Tinetti, without prejudice.

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must

4

contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims against different defendants must be pursued in multiple lawsuits.  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.  *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*

5

*County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendant Sisson.

Accordingly, the court hereby orders that:

1. Claims against defendants Hull, Dillard, Turner, Cochoran, Felker, McDonald, Drieth, Grannis and Tinetti are dismissed with leave to amend.  Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants.  Plaintiff is not obligated to amend his complaint.

2. The allegations in the pleading are sufficient at least to state a cognizable due process claim against defendant Sisson.  *See* 28 U.S.C. § 1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint filed October 20, 2010, one USM-285 form and instructions for service of process on defendant Sisson.  Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with

6

the completed summons, the completed USM-285 forms, and two copies of the October 20, 2010 amended complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendant Sisson will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Hull, Dillard, Turner, Cochoran, Felker, McDonald, Drieth, Grannis and Tinetti without prejudice.

    3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: December 10, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE EDWARD HARRIS,

      Plaintiff,                    No. CIV S-10-1031 JAM EFB P

vs.

HIGH DESERT STATE PRISON, et al.,

      Defendants.            NOTICE OF SUBMISSION OF DOCUMENTS

_____/

    In accordance with the court's order filed _____, plaintiff hereby elects to:

    (1) _____ consent to the dismissal of defendants Hull, Dillard, Turner, Cochoran, Felker, McDonald, Drieth, Grannis and Tinetti without prejudice, and submits the following documents:

          1          completed summons form

          1          completed forms USM-285

          2          copies of the October 20, 2010 Amended Complaint

**OR**

    (2) _____ delay serving defendant Sisson and files a second amended complaint in an attempt to state cognizable claims against defendants Hull, Dillard, Turner, Cochoran, Felker, McDonald, Drieth, Grannis and Tinetti.

Dated:

                                            Plaintiff