IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE EDWARD HARRIS,

    Plaintiff,                             No. CIV S-10-1031 JAM EFB P

    vs.

HIGH DESERT STATE PRISON, et al.,

    Defendants.                      FINDINGS AND RECOMMENDATIONS

/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's claim that defendant Sisson violated his right to due process at a prison disciplinary hearing by: (1) not allowing him to call witnesses in his defense; and (2) finding him guilty despite evidence showing otherwise. Dckt. No. 30. As a result, plaintiff claims he was incorrectly found guilty of attempted murder of a correctional officer and sentenced to four years in the Security Housing Unit. *Id.* Defendant moves to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons provided below, the undersigned recommends that defendant's motion be denied.

////

////

## I.  Legal Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

The court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**II.     Discussion**

In his motion to dismiss, defendant contends that plaintiff's due process claim should be dismissed because plaintiff has not shown that the guilty determination for attempted murder has been invalidated as required by *Heck v. Humphrey*, 512 U.S. 477 (1984). However, defendant has not shown that reversal of the guilty finding or invalidation of the SHU sentence would have any impact on plaintiff's criminal conviction or the duration of his attendant incarceration (e.g., by requiring the restoration of forfeited good-time credits). *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that a prisoner's § 1983 claim is barred by *Heck* where success on the action would necessarily imply the invalidity of an administrative forfeiture of good-time credits). The *Heck* bar – which exists simply to preserve the rule that challenges which, if successful, would necessarily imply the invalidity of incarceration or its duration must be brought via petition for writ of habeas corpus – applies only in such circumstances. *Muhammad v. Close*, 540 U.S. 749, 751-52 & n.1 (2004). In challenging the validity of the disciplinary

3

proceedings, plaintiff is only challenging the conditions of his confinement and *Heck* does not bar his claim. *See Ramirez v. Galaza*, 334 F.3d 850, 857 (9th Cir. 2003) (*Heck*'s favorable termination rule does not apply to § 1983 cases where success in the action would not necessitate earlier release).

### III.  Conclusion

Accordingly, it is hereby RECOMMENDED that defendant's April 15, 2011 motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 30, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE